1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11                           ----oo0oo----

12   DONNA REDDIN,                    CIV. NO. 2:15-01305 WBS CKD

13            Plaintiff,              MEMORANDUM AND ORDER RE: MOTION
                                      FOR SUMMARY JUDGMENT
14        v.

15   RASH CURTIS & ASSOCIATES,

16            Defendant.

17

18                           ----oo0oo----

19        Plaintiff brought this action under the Fair Debt

20   Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and

21   California's Rosenthal Fair Debt Collection Practices Act

22   ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32, based on two phone

23   calls she received from defendant Rash Curtis & Associates.

24   Pursuant to Federal Rule of Civil Procedure 56, defendant now

25   moves for summary judgment on all of plaintiff's claims.

26   I.   Factual and Procedural Background

27        The limited facts giving rise to plaintiff's FDCPA and

28   RFDCPA claims are essentially undisputed.  Defendant is a debt

                                    1

1    collection agency and was assigned to collect a number of debts

2    owed by plaintiff's son.  (Keith Decl. ¶ 3 (Docket No. 10-4).)

3    At approximately 10:00 a.m. on February 25, 2015, defendant

4    placed an automated call to plaintiff's home number regarding

5    that debt.  (Id.)  After the call, plaintiff called defendant and

6    informed it that she did not want it to call her home number

7    again.  (Id. ¶ 5.)  She also obtained defendant's email address

8    and sent an email to defendant instructing it not to call her

9    home again.  (Id.; Reddin Decl. Ex. A (Docket No. 12-1).)

10   Defendant received the email request and informed plaintiff that

11   it would process her request.  (Reddin Decl. Ex. A.)  Although

12   defendant removed plaintiff's home number from its collection

13   account after receiving her email, the number had already been

14   loaded into a dialer campaign through defendant's vendor, Global

15   Connect, and Global Connect did not update its system to remove

16   plaintiff's number until that night.[1]  (Keith Decl. ¶ 6.)  At

17   6:00 p.m. that same day, defendant autodialed plaintiff's home

18   number a second time before it had been removed from the dialer

19   campaign.  (Id. ¶¶ 3, 6.)

20        Plaintiff initiated this action against defendant in

21   state court, and defendant removed it to this court on the basis

22

23        [1]   In her response to defendant's statement of undisputed
     facts, plaintiff indicates that she does not have "sufficient
24   information" about Global Connect's procedures.  (Pl.'s Sep.
     Stmt. of Undisputed Facts Nos. 13-14 (Docket No. 13).)  Discovery
25   in this case closed on April 1, 2016, (see Docket No. 8), and
     plaintiff did not seek to re-open discovery or make any showing
26   suggesting she would be entitled to additional time under Rule
     56(d).  Moreover, the court cannot imagine how any additional
27   evidence about Global Connect's procedures could establish a
     genuine issue for trial on plaintiff's claims.
28

1    of federal question jurisdiction.  In her Complaint, plaintiff

2    alleges claims for violations of the FDCPA and RFDCPA.  She

3    specifically alleges that defendant violated subsections

4    1692c(a)(1), 1692d, 1692d(5), 1692e(2)(A), 1692e(10), 1692f, and

5    1692f(1) of the FDCPA and subsections 1788.11(d) and 1788.11(e)

6    of the RFDCPA.  (Compl. ¶ 11.)  Defendant now moves for summary

7    judgment on all of plaintiff's claims pursuant to Rule 56.

8    II.  Analysis

9         Summary judgment is proper "if the movant shows that

10   there is no genuine dispute as to any material fact and the

11   movant is entitled to judgment as a matter of law."  Fed. R. Civ.

12   P. 56(a).  A material fact is one that could affect the outcome

13   of the suit, and a genuine issue is one that could permit a

14   reasonable jury to enter a verdict in the non-moving party's

15   favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

16   (1986).  The party moving for summary judgment bears the initial

17   burden of establishing the absence of a genuine issue of material

18   fact and can satisfy this burden by presenting evidence that

19   negates an essential element of the non-moving party's case.

20   Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

21   Alternatively, the moving party can demonstrate that the non-

22   moving party cannot produce evidence to support an essential

23   element upon which it will bear the burden of proof at trial.

24   Id.

25        Once the moving party meets its initial burden, the

26   burden shifts to the non-moving party to "designate 'specific

27   facts showing that there is a genuine issue for trial.'"  Id. at

28   324 (quoting then-Fed. R. Civ. P. 56(e)).  To carry this burden,

1    the non-moving party must "do more than simply show that there is

2    some metaphysical doubt as to the material facts." Matsushita

3    Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

4    "The mere existence of a scintilla of evidence . . . will be

5    insufficient; there must be evidence on which the jury could

6    reasonably find for the [non-moving party]." Anderson, 477 U.S.

7    at 252.

8         In deciding a summary judgment motion, the court must

9    view the evidence in the light most favorable to the non-moving

10   party and draw all justifiable inferences in its favor.  Id. at

11   255.  "Credibility determinations, the weighing of the evidence,

12   and the drawing of legitimate inferences from the facts are jury

13   functions, not those of a judge . . . ruling on a motion for

14   summary judgment . . . ." Id.

15        1.   FDCPA Claim

16        In 1977, Congress enacted the FDCPA "to eliminate

17   abusive debt collection practices by debt collectors, to insure

18   that those debt collectors who refrain from using abusive debt

19   collection practices are not competitively disadvantaged, and to

20   promote consistent State action to protect consumers against debt

21   collection abuses."  15 U.S.C. § 1692(e).  The Act establishes a

22   nonexclusive list of unlawful debt collection practices and

23   provides for public and private remedies.  Id. §§ 1692–1692p.

24        a.   Subsection 1692c(a)(1)

25        Subsection 1692c(a)(1) generally prohibits a debt

26   collector from communicating with a "consumer in connection with

27   the collection of any debt . . . at any unusual time or place or

28   a time or place known or which should be known to be inconvenient

4

1  to the consumer."  Id. § 1692c(a)(1).  FDCPA defines "consumer"

2  as "any natural person obligated or allegedly obligated to pay

3  any debt."  Id. § 1692a(3).  For purposes of § 1692c, "the term

4  'consumer' includes the consumer's spouse, parent (if the

5  consumer is a minor), guardian, executor, or administrator."  Id.

6  § 1692c(d).

7          Here, it is undisputed that plaintiff was not obligated

8  to pay any debt and that defendant telephoned her home only in an

9  effort to collect debts her son owed, and plaintiff conceded at

10  oral argument that her son was not a minor.  Although plaintiff

11  cites several cases recognizing FDCPA claims by non-debtors,

12  those claims were for violations of other subsections of the

13  FDCPA that are not limited to "consumers."  (See Pl.'s Opp'n at 5

14  (Docket No. 13) (citing cases addressing § 1692d and § 1692e,

15  which are not limited to "consumers").)  Plaintiff relies heavily

16  on the Sixth Circuit's recognition in Montgomery v. Huntington

17  Bank that a non-debtor may bring claims under § 1692d and

18  § 1692e.  346 F.3d 693, 696 (6th Cir. 2003).  In that case,

19  however, the Sixth Circuit expressly distinguished those

20  subsections from § 1692c: "[R]elief is limited to 'consumers'

21  only under § 1692c, [and] . . . . only a 'consumer' has standing

22  to sue for violations under 15 U.S.C. § 1692c."  Id. at 696-97

23  (internal quotation marks and citation omitted).

24          Plaintiff has also failed to put forth evidence from

25  which a reasonable jury could find that telephone calls to a home

26  at 10:00 a.m. or 6:00 p.m. are "at any unusual time or place or a

27  time or place known or which should be known to be inconvenient

28  to the consumer."  15 U.S.C. § 1692c(a)(1).  Subsection

1  1692c(a)(1) in fact contemplates calls at those times, providing

2  that "a debt collector shall assume that the convenient time for

3  communicating with a consumer is after 8 o'clock antemeridian and

4  before 9 o'clock postmeridian, local time at the consumer's

5  location."  Id. § 1692c(a)(1).

6          Accordingly, because § 1692c is limited to "consumers,"

7  the court must grant defendant's motion for summary judgment on

8  plaintiff's FDCPA claim based on § 1692c(a)(1).[2]

9          b.    Subsections 1692d and 1692d(5)

10         Subsection 1692d generally prohibits a debt collector

11 from "engag[ing] in any conduct the natural consequence of which

12 is to harass, oppress, or abuse any person in connection with the

13 collection of a debt," and subsection 1692d(5) specifically

14 provides that "[c]ausing a telephone to ring or engaging any

15 person in telephone conversation repeatedly or continuously with

16 intent to annoy, abuse, or harass any person at the called

17 number" violates § 1692d.  Id. § 1692d(5).

18         While the FDCPA is generally a strict liability

19 statute, "Congress took care to require an element of knowledge

20 or intent in certain portions of the FDCPA where it deemed such a

21 requirement necessary," such as § 1692d(5).  Clark v. Capital

22 Credit & Collection Servs., Inc., 460 F.3d 1162, 1176 (9th Cir.

23 _____

24         [2]    Under § 1692c(c), "[i]f a consumer notifies a debt
   collector in writing that the consumer refuses to pay a debt or
25 that the consumer wishes the debt collector to cease further
   communication with the consumer, the debt collector shall not
26 communicate further with the consumer with respect to such debt,"
   subject to limited exceptions.  Plaintiff has not alleged a
27 violation of § 1692c(c) in her Complaint and, even if she had,
   such a claim would fail because she is not a "consumer" under
28 § 1692c(c).

                                    6

1  2006) (internal quotation marks and citation omitted); accord

2  Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S.

3  573, 594 (2010) (citing § 1692d(5) as a provision of the FDCPA

4  "applying to acts taken with particular intent").

5       Even pretending that a reasonable jury could find that

6  two telephone calls are sufficiently repetitive and continuous so

7  as to annoy, abuse, or harass a person, the undisputed evidence

8  is that defendant removed plaintiff's number from its file after

9  she requested it to cease calling her and the second call was

10 inadvertently placed before the automated dialer system was

11 updated that night.  Based on this evidence, a reasonable jury

12 could not find that defendant placed the second phone call "with

13 intent to annoy, abuse, or harass," 15 U.S.C. § 1692d(5).

14      Nor could a reasonable jury find that the "natural

15 consequence" of the two telephone calls in this case "is to

16 harass, oppress, or abuse any person" as required for an FDCPA

17 claim based solely on the general prohibition of § 1692d.

18 "[C]laims under § 1692d should be viewed from the perspective of

19 a consumer whose circumstances makes him relatively more

20 susceptible to harassment, oppression, or abuse." Arteaga v.

21 Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1226 (E.D. Cal.

22 2010) (quoting Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179

23 (11th Cir. 1985)).  This objective standard is "similar to that

24 of the 'least sophisticated debtor,' which the Ninth Circuit

25 applies to other sections of the FDCPA." Id. (citing Clark, 460

26 F.3d at 1171).  "Whether there is actionable harassment or

27 annoyance turns not only on the volume of calls made, but also on

28

7

1  the pattern of calls." _Joseph v. J.J. Mac Intyre Cos., L.L.C._,

2  238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002).

3        It is undisputed that defendant placed only two calls

4  to plaintiff that were eight hours apart.  The only evidence even

5  weighing slightly in favor of plaintiff's claim is that she had

6  instructed defendant not to call her again between the two calls.

7  After plaintiff sent defendant the email requesting it not to

8  call her again, defendant responded nine minutes later with a

9  professional email that was responsive to her request: "Good

10  Morning, Your request will be processed accordingly, have a great

11  day.  Thank you, Client Services."  (Reddin Decl. Ex. A.)  As the

12  evidence reveals, the request required an overnight update of the

13  automated dialer system to "process" plaintiff's request.  When

14  plaintiff informed the representative on the second call that she

15  had already instructed defendant to cease calling her, plaintiff

16  does not indicate that the representative did anything but honor

17  her request and terminate the call.  There is simply no evidence

18  from which a reasonable jury could find that defendant was

19  anything but professional in its communications with plaintiff or

20  that it threatened or attempted to force plaintiff to remain on a

21  call.

22        In arguing that defendant's conduct is sufficient to

23  create a triable issue of fact as to harassment under § 1692d,

24  plaintiff relies primarily on _Meadows v. Franklin Collection_

25  _Servive, Inc._, 414 F. App'x 230, 2011 WL 479997 (11th Cir. Feb.

26  11, 2011), and _Bingham v. Collection Bureau, Inc._, 505 F. Supp.

27  864 (N.D. 1981).  In _Meadows_, the defendant repeatedly called the

28  plaintiff at home in an attempt to collect debts owed by other

1  individuals who did not live at the plaintiff's residence.  2011

2  WL 479997, at *1.  In May 2006, the plaintiff informed the

3  defendant that "she did not know or wish to provide location

4  information for the debtors" and requested that the defendant

5  cease calling her.  Id.  Despite this request, the defendant

6  continued to call the plaintiff multiple times a week for two-

7  and-a-half years, with a total of about 300 calls.  Id. at *1-2.

8  Under those facts, the Eleventh Circuit held that the district

9  court erred in granting summary judgment in favor of the

10  defendant on the plaintiff's § 1692d claim.  Id. at *2.

11       In Bingham, the defendant called the plaintiff at her

12  home approximately fourteen times, with a call placed about every

13  other day over a period of one month.  505 F. Supp. at 873.

14  After the plaintiff hung up once the defendant had identified

15  itself, the defendant immediately called the plaintiff a second

16  time.  Id.  During the calls, representatives used alias,

17  inquired about the plaintiff's wedding ring, and told the

18  plaintiff something to the effect that she "should not have

19  children if she could not afford them."  Id. at 873-74.  After

20  conducting a bench trial and finding the plaintiff's testimony

21  about the conduct credible, the court found harassment under

22  § 1692d.  Id. at 874-75.

23       The remaining cases plaintiff relies on are just as

24  easily distinguished from the two calls placed in this case.  See

25  Kavalin v. Glob. Credit & Collection Corp., No. 10-CV-314 JTC,

26  2011 WL 1260210, at *4 (W.D.N.Y. Mar. 31, 2011) (denying the

27  defendant's motion to dismiss the plaintiff's § 1692d claim based

28  on allegations that the defendant had left "scores" of messages

1    that contained deceptive and false statements); <u>Pratt v. CMRE</u>

2    <u>Fin. Servs., Inc.</u>, No. 4:10-CV-2332 CEJ, 2012 WL 86957, at *1-2,

3    4 (E.D. Mo. Jan. 11, 2012) (denying the defendant's motion for

4    summary judgment on the plaintiff's § 1692d(5) claim after the

5    plaintiff put forth evidence from which a jury could find that he

6    received approximately sixty-five automated telephone calls after

7    he had informed the defendant on the first call that it had the

8    wrong number and that he did not owe the debt); <u>Penny v. Williams</u>

9    <u>& Fudge, Inc.</u>, 840 F. Supp. 2d 1314, 1322 (M.D. Fla. 2012)

10   (denying the defendant's motion for judgment as a matter of law

11   or, alternatively, a new trial after a jury returned a verdict in

12   favor of the plaintiff on his § 1692d claim based on the

13   defendant having called fifty to seventy times to collect a debt

14   the plaintiff did not owe and leaving threatening or

15   inappropriately suggestive messages); <u>Rucker v. Nationwide</u>

16   <u>Credit, Inc.</u>, No. 2:09-CV-2420 GEB EFB, 2011 WL 25300, at *2

17   (E.D. Cal. Jan. 5, 2011) (finding a triable issue of fact on the

18   plaintiff's § 1692d and § 1692d(5) claims based on the defendant

19   having called the plaintiff approximately 80 times); <u>Bassett v.</u>

20   <u>I.C. Sys., Inc.</u>, 715 F. Supp. 2d 803, 810 (N.D. Ill. 2010)

21   (denying the defendant's motion for summary judgment on the

22   plaintiff's § 1692d(5) claim when the undisputed evidence was

23   that the defendant called the plaintiff thirty-one times over

24   twelve days).

25         Because no reasonable jury could find that the "natural

26   consequence" of the two non-threatening phone calls in this case

27   would be to "harass, oppress, or abuse any person" or that

28   defendant placed the calls with the intent to "annoy, abuse, or

1   harass" plaintiff, the court must grant defendant's motion for

2   summary judgment on her FDCPA claim based on § 1692d and

3   § 1692d(5).

4           c.   Subsections 1692e(2)(A) and 1692e(10)

5           Section 1692e prohibits a debt collector from "us[ing]

6   any false, deceptive, or misleading representation or means in

7   connection with the collection of any debt."  15 U.S.C. § 1692e.

8   A debt collector can violate this subsection by falsely

9   representing "the character, amount, or legal status of any

10  debt," id. § 1692e(2)(A), or using "any false representation or

11  deceptive means to collect or attempt to collect any debt or to

12  obtain information concerning a consumer," id. § 1692e(10).

13          In her affidavit, plaintiff states that the first

14  call was "automated" and was "seeking to collect a debt from

15  someone else."  (Reddin Decl. ¶ 4.)  As to the second call, she

16  states only that it was from a "live person," but does not even

17  suggest that the caller sought to collect a debt from her or made

18  any false representations about the debt her son owed.  (Id. ¶

19  7.)  She neither advances an argument nor submits any evidence

20  suggesting a violation of § 1692e(2)(A) or § 1692e(10)in

21  opposition to defendant's motion for summary judgment.  The court

22  must therefore grant defendant's motion for summary judgment on

23  plaintiff's FDCPA claim premised on any violation of

24  § 1692e(2)(A) or § 1692e(10).

25          d.   Subsections 1692f and 1692f(1)

26          Section 1692f prohibits a debt collector from using

27  "unfair or unconscionable means to collect or attempt to collect

28  any debt," which includes "[t]he collection of any amount

11

1   (including any interest, fee, charge, or expense incidental to

2   the principal obligation) unless such amount is expressly

3   authorized by the agreement creating the debt or permitted by

4   law." 15 U.S.C. § 1692f(1).

5          Similar to the alleged violations of § 1692e, plaintiff

6   neither explains nor offers evidence supporting such violations

7   in her opposition to defendant's motion for summary judgment.

8   The undisputed evidence is that defendant was attempting to

9   collect a debt from plaintiff's son and never attempted to or

10  actually collected any debt or fee from plaintiff.  The court

11  must therefore grant defendant's motion for summary judgment on

12  plaintiff's FDCPA claims based on violations of § 1692f and

13  § 1692f(1).

14      2.  RFDCPA Claim

15          Under the RFDCPA, "every debt collector collecting or

16  attempting to collect a consumer debt shall comply with the

17  provisions of Sections 1692b to 1692j, inclusive, of, and shall

18  be subject to the remedies in Section 1692k of, Title 15 of the

19  United States Code." Cal. Civ. Code § 1788.17.  The parties

20  agree that plaintiff's RFDCPA claim survives summary judgment

21  only if the court finds a disputed issue of material fact on her

22  FDCPA claim.  (See Def.'s Mem. at 10:14-16; Pl.'s Opp'n at 13:16-

23  14:15.)  Because the court finds that defendant is entitled to

24  summary judgment as a matter of law on plaintiff's FDCPA claim,

25  the court must also grant defendant's motion for summary judgment

26  on her RFDCPA claim.

27          IT IS THEREFORE ORDERED that defendant's motion for

28  summary judgment be, and the same hereby is, GRANTED.

1    Dated:   July 11, 2016

2                                    WILLIAM B. SHUBB
                                     UNITED STATES DISTRICT JUDGE
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28